IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 18-cv-01890-RBJ

EMILIANO ARCHULETA,

    Plaintiff,

v.

HEATHER WOOD, Westminster Police Department, in her individual capacity,
LOUIS ENGLEBERG, Westminster Police Department, in his/her individual capacity, and
REED GILES, Westminster Police Department, in his individual capacity,

    Defendants.

## ORDER

    Emiliano Archuleta was 16 years old in July 2016 when three Westminster police officers and two social workers arrived at his mother's apartment to execute a state court order to remove him and two younger siblings from his mother's custody. Apparently not wishing to leave the apartment, Emiliano went into the kitchen, stood by a counter with his head down, and was verbally non-responsive. Officer Heather Wood began to forcibly remove him. In the process Officers Louis Engleberg and Reed Giles allegedly took him to the ground, and then assaulted and injured him. He was then handcuffed, removed, and charged with obstructing a police officer – a charge that was later dismissed. Based on these alleged facts, he asserts an excessive force claim against all three officers and malicious prosecution against Officer Wood. Amended Complaint, ECF No. 15.

1

Defendant Wood moves to dismiss the malicious prosecution claim pursuant to Fed. R. Civ. P. 12(b)(6), contending that it fails to state a claim for relief that is plausible on its face. ECF No. 19.  She cites *Margheim v. Buljko*, 855 F.3d 1077, 1084 (10th Cir. 2017) for the proposition that a malicious prosecution claim requires "legal process," specifically in this case an arrest warrant before the arrest was made.  I agree that some form of legal process is required, i.e. in the form of an arrest, confinement, or prosecution, but I do not agree that "legal process" must be an arrest pursuant to a warrant.  Colo. Rev. Stat. §16-5-101 lists many of the ways in which legal process is imposed in Colorado, and section (1)(d)(i) specifies "the issuance of a summons and complaint." This is the legal process that serves the basis for malicious prosecution in the present case.

In my view, defendant took language from *Margheim* out of context.  There the Tenth Circuit was differentiating between situations where it was appropriate to bring a malicious prosecution claim under the Fourth Amendment's right to be free from unreasonable seizures as opposed to where it was appropriate to bring a false imprisonment claim.  In essence, the Tenth Circuit was saying that a malicious prosecution claim for a seizure can be brought if the plaintiff was arrested with legal process, such as a warrant, but if they weren't, then a false imprisonment claim should be brought instead.  855 F.3d at 1085.

Notably, the case lists the standard five elements for a Fourth Amendment malicious prosecution claim under §1983 as the following:

> (1) the defendant caused the plaintiff's continued confinement or prosecution;
> (2) the original action terminated in favor of the plaintiff;
> (3) no probable cause supported the original arrest, continued confinement, or prosecution;
> (4) the defendant acted with malice; and

(5) the plaintiff sustained damages.

*Id.* at 1085 (citing *Wilkins v. DeReyes*, 528 F.3d 790, 799 (10th Cir. 2013)).  It then elaborates that "legal process" usually comes in at step three: "In a case like this one where the arrest was based on a warrant, the third element concerns the probable cause determination at the time the warrant was issued and thus supplies the link to legal process . . . The plaintiff's challenge to the process (not merely the confinement) is the mark of a malicious prosecution claim." *Id.*  But the use of a warrant for the arrest was just one example of how legal process came into step three.  The court favorably cites *Wilkins v. DeReyes*, the case on which defendant relies, which says that an arrest made pursuant to a warrant is the "classic example" of what constitutes the imposition of legal process giving rise to a claim of malicious prosecution.  The cases are not in conflict.

In the present case the arrest was not made pursuant to a warrant, but legal process is involved when Defendant Wood served Mr. Archuleta with a criminal summons.  The distinction described in *Margheim* is relevant in cases where a plaintiff is only seeking a remedy for wrongful detention they suffered before the imposition of any legal process.  There, the warrant would be the only involvement of "legal process" because there was no subsequent summons or prosecution.  Mr. Archuleta is not only challenging his seizure but is also challenging the imposition of legal processes against him in being served with a criminal summons after his detention.

Finally, I find that the Amended Complaint asserts facts that, if construed in plaintiff's favor as is required at this stage of the case, sufficiently alleges a claim that could satisfy the five elements of a malicious prosecution claim.  Accordingly, the motion to dismiss, ECF No. 19, is denied.

DATED this 14th day of December, 2018

            BY THE COURT:

            _____
            R. Brooke Jackson
            United States District Judge